IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00592-KLM

MOHAMED A. MOHAMED, also known as Rasheed Mohamed,

Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment**

[#26][1] (the "Motion"), seeking summary judgment in Defendant's favor on Plaintiff's sole

claim for breach of contract. *Compl.* [#3] ¶¶ 41-50. Plaintiff filed a Response [#29] stating:

> Over the course of the past three weeks Plaintiff's counsel has conducted
> extensive review of the claims file, of pertinent case law, and all relevant
> information formulating th[e] belief that Plaintiff has no legal basis to object
> to said Motion, therefore she is withdrawing her opposition to the Motion for
> Summary Judgment.

---

[1] "[#26]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic case filing system
(CM/ECF). This convention is used throughout this Order.

1

The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#26] is **GRANTED**.[2]

## I. Summary of the Case

The undisputed facts, as provided by Defendant, are as follows. On July 22, 2009, Fadumo Hirsi ("Hirsi") signed a form titled "Rejection of Uninsured Motorist Insurance – Bodily Injury." *Ex. A* [#26-1]. At the time Ms. Hirsi signed the rejection form, she was the only insured listed on the relevant insurance Policy issued by Defendant. *Ex. B*, [#26-2]. Plaintiff was added to Ms. Hirsi's Policy in January 2016. *Ex. C* [#26-3]. In January 2016 when Plaintiff was added, the Policy did not provide UM/UIM coverage. *Id.* The Policy was renewed on July 19, 2016. *Ex. D* [#26-4]. Plaintiff was involved in an accident on December 23, 2016. *Compl.* [#3] ¶ 2. The Policy in force at the time of Plaintiff's accident states that UM/UIM coverage was "not purchased." *Ex. D* [#26-4] at 8.

In the present Motion [#26], Defendant seeks entry of summary judgment in its favor on Plaintiff's sole claim for breach of contract, because, Defendant states, there is no genuine issue of material fact that there was no insurance coverage for the claim at issue.

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323

---

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. See [#15, #16].

(1986).  Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986).  A fact is material if it might affect the outcome of the case under the governing substantive law.  *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).  Conclusory statements based merely on conjecture, speculation, or subjective belief are

not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738 (4th ed. 2017).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works, Inc., v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

Only documents that meet the evidentiary requirements of Fed. R. Civ. P. 56 may be considered for purposes of summary judgment. Rule 56(c) provides that:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]
> . . .

4

(3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(1)-(4).

## III. Analysis

The Court has closely reviewed the legal authority cited by Defendant and essentially adopts Defendant's reasoning, noting both the absence of any opposition by Plaintiff and the absence of any known legal authority which would mandate a different result.

"Where, as here, federal jurisdiction is predicated upon diversity, the court applies the substantive law of the forum state." *A.W. Interiors, Inc. v. Travelers Indem. Co.*, 44 F. Supp. 3d 1071, 1074 (D. Colo. 2014). "Under Colorado law, the interpretation of an insurance policy, like any written contract, presents a question of law and, therefore, is appropriate for summary judgment." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Fed. Ins. Co.*, 213 F. Supp. 3d 1333, 1340 (D. Colo. 2016) (internal quotes omitted). When construing an insurance contract, courts utilize traditional principles of contract interpretation. *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 819 (Colo. 2004). "Courts may neither add provisions to extend coverage beyond that contracted for, nor delete them to limit coverage." *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003).

Ultimately, the Court finds that the Policy in question does not provide UM/UIM coverage. The declarations page expressly states that UM/UIM coverage was "not

purchased." *Ex. D* [#26-4] at 8. Therefore, no premium was collected for UM/UIM coverage. *See id.* The Court agrees with Defendant that there is no ambiguity in the Policy with respect to the existence of UM/UIM coverage, nor is there any evidence that Plaintiff paid a premium for UM/UIM coverage. *See id.* The Policy explicitly states that no UM/UIM coverage is available. *See id.* "When a contractual provision unambiguously resolves the parties' dispute, the interpreting court's task is over." *Level 3 Commc'n, LLC v. Liebert Corp.*, 535 F.3d 1146, 1154 (10th Cir. 2008).

Plaintiff has not argued that the Policy *should* have contained UM/UIM coverage or that Plaintiff was required to sign an entirely new form rejecting UM/UIM coverage. Indeed, there is no evidence brought to the Court's attention that the rejection form did not validly reject UM/UIM coverage, that Ms. Hirsi did not have authority to reject UM/UIM coverage, or that Defendant was obligated, statutorily or otherwise, to re-offer UM/UIM coverage. In short, there is no genuine issue of material fact that the policy does not provide UM/UIM coverage on its face, that UM/UIM coverage was validly rejected in 2009 by Ms. Hirsi (the only insured identified in the Policy at the time), and that the prior rejection of coverage remained valid when Plaintiff was added to the Policy. Accordingly, the Court finds that Defendant is entitled to summary judgment on Plaintiff's sole claim for UIM benefits because no such coverage is afforded by the Policy.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#26] is **GRANTED**. The Clerk of Court shall enter judgment in favor of Defendant and against Plaintiff on Plaintiff's sole claim.

IT IS FURTHER **ORDERED** that the Final Pretrial Conference, Jury Instructions Conference, and Trial Preparation Conference all set for September 9, 2021, at 9:00 a.m. are **VACATED**.

IT IS FURTHER **ORDERED** that the four-day Jury Trial set for September 27-30, 2021, is **VACATED**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **CLOSE** this case following entry of Final Judgment.

Dated: May 5, 2021                    BY THE COURT:

Kristen L. Mix
United States Magistrate Judge